# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                                                                           **No. 21-cv-0296 JB/SMV**

**18 PIECES OF MISCELLANEOUS
ABORIGINAL ARTWORK,**

    Defendants,

and

**CLAIRE SHAEFFER,
EARLY STREET, LLC, and
TOM COLRAIN,**

    Claimants.

## ORDER SETTING SETTLEMENT CONFERENCE

THIS MATTER is before the Court pursuant to a telephonic status conference held on June 22, 2022. To facilitate a final disposition of this case, a mandatory Settlement Conference will be conducted in accordance with Rule 16(a)(5) of the Federal Rules of Civil Procedure. The conference will be held on **August 18, 2022, at 9:00 a.m. MDT** via Zoom. All individuals attending the Settlement Conference must familiarize themselves with Zoom prior to the Settlement Conference.

The parties or a designated representative with final settlement authority, must attend via Zoom. Counsel who will try the case must also attend via Zoom. Those attending the settlement conference must treat as confidential the information discussed, positions taken, and offers made

by other participants in preparation for and during the conference.[1]  *See generally Hand v. Walnut Valley Sailing Club*, No. 11-3228, 2012 WL 1111137 (10th Cir. Apr. 2, 2012) (unpublished) (affirming dismissal of case as sanction for violating confidentiality of settlement conference).  Counsel shall advise their clients regarding appropriate attire for appearance in federal court.

No later than **August 1, 2022**, each claimant shall serve on the other parties a letter (the "Letter") setting forth at least the following information: (1) a list of the pieces of artwork in which the party has an interest, (2) the nature of the interest, (3) the reasons why the party is entitled to each piece of artwork, (4) the claimant's case for such entitlement, and (5) any non-monetary requirements for settlement, such as a release or confidentiality agreement.

No later than **August 8, 2022,** if the parties wish to respond to the Letters received from the other parties, each party may send a response letter (the "Response Letter") to all parties that specifically addresses the points raised in the Letters.  If a release is contemplated, the Response Letter shall include a proposed form of release.

Each of these letters typically should be five pages or fewer, and counsel must ensure that each party reads the other parties' letter before the Settlement Conference.  If the case does not settle, Plaintiff shall provide copies of these letters to the Court no later than **August 11, 2022**.  Otherwise, the letters will be kept confidential.

No later than **August 11, 2022**, each party must provide the Court, in confidence, a concise position statement (typically no more than ten pages) containing an analysis of the

---

[1] This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence of a binding settlement agreement, or as otherwise required by law.

strengths and weaknesses of its case. Plaintiff's position statement must also summarize the discovery conducted so far, including the depositions conducted, if any, and list any depositions anticipated if the case does not settle. Position statements must be submitted to the Court by e-mail at VidmarChambers@nmd.uscourts.gov.[2]

No later than **August 11, 2022**, each party must provide the Court a list of the names of the individuals who will be attending the Settlement Conference and in what capacity. **This list must include the e-mail addresses and phone numbers for each attorney attending the Settlement Conference.** The Court <u>must</u> receive this information in order to (1) send counsel the Meeting ID and Password for the Zoom Settlement Conference, and (2) immediately communicate with counsel during the Settlement Conference should there be technical difficulties with Zoom. This list must be submitted to the Court by e-mail at VidmarChambers@nmd.uscourts.gov.[3]

The Settlement Conference will not be vacated or rescheduled except upon motion and for good cause shown. Any motion to vacate or reschedule the Settlement Conference shall provide the Court with sufficient notice to ensure that other matters may be scheduled in the time allotted for the Settlement Conference.

The Court may contact counsel ex parte prior to the Settlement Conference to discuss the Settlement Conference.

---

[2] Each e-mail message and its attachments cannot exceed 45 MB. Data exceeding 45 MB should be submitted in individual e-mail messages, each less than 45 MB.
[3] Each e-mail message and its attachments cannot exceed 45 MB. Data exceeding 45 MB should be submitted in individual e-mail messages, each less than 45 MB.

**IT IS THEREFORE ORDERED** as follows:

| | |
|---|---|
| **Letters Sent to Each Party:** | **August 1, 2022** |
| **Response Letters Sent to Each Party:** | **August 8, 2022** |
| **Plaintiff provides copies of Letters and Response Letters, if any, to the Court:** | **August 11, 2022** |
| **Parties' confidential position statements due to the Court:** | **August 11, 2022** |
| **Settlement Conference:** | **August 18, 2022, at 9:00 a.m. MDT by Zoom** |

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**